UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                      :
DAVID T. MASTROSIMONE,                :
                                      :
          Petitioner,                 :   Civ. No. 14-1710 (NLH)
                                      :
     v.                               :   OPINION
                                      :
NEW JERSEY DEPARTMENT OF              :
     CORRECTIONS, et al.,             :
                                      :
          Respondents.                :
_____      :

APPEARANCES

David Mastrosimone, #335223C
Southern State Correctional Facility
4295 Route 47
Delmont, NJ 08314
     Petitioner, pro se

HILLMAN, District Judge

     Petitioner David Mastrosimone is a state prisoner currently

incarcerated at the Southern State Correctional Facility in

Delmont, New Jersey.  He is proceeding pro se with a petition

for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which

he challenges the computation of his jail time credits.[1]

                    I.   BACKGROUND

     Petitioner initially filed his Petition pursuant to both 28

U.S.C. § 2254 and § 2241 on March 18, 2014. (ECF No. 1).  On

_____

[1] Although Petitioner's Amended Petition is submitted on
paperwork intended for a petition filed under § 2241, as
discussed in detail below, the Court construes the Petition as
one filed pursuant to § 2254.

March 27, 2014, the Court administratively terminated the case
for failure to pay the filing fee or submit a complete
application to proceed in forma pauperis. (ECF No. 3).

On April 3, 2014, Petitioner paid the filing fee and
thereafter filed an Amended Petition. (ECF No. 4). On May 27,
2014, the case was reopened for review by a judicial officer.
(ECF No. 5).

Because Petitioner had initially filed his Petition
pursuant to 28 U.S.C. § 2254, the Court advised Plaintiff of the
consequences of such a filing, as required by Mason v. Meyers,
208 F.3d 414 (3d Cir. 2000), in an Order dated February 25,
2015. (ECF No. 6). Pursuant to that Order, Petitioner was to
notify the Court whether he wished to have his Amended Petition
ruled upon as filed or whether he wished to withdraw his
petition and file one all-inclusive § 2254 petition, subject to
the applicable statute of limitations. Petitioner did not
submit a response. Accordingly, pursuant to the terms of the
February 25, 2015 Order, the Court will rule upon the Amended
Petition as filed, and does so now.

In the Amended Petition, Petitioner states that he is
challenging the New Jersey Department of Corrections' request to
modify Petitioner's "jail time credit computation of 660 days to
301 days of jail time credit, and 358 days of gap time credit."
(Am. Pet. 2, ECF No. 4).

II.   <u>DISCUSSION</u>

A. <u>HABEAS JURISDICTION</u>

     As an initial matter, the Court notes that the Amended
Petition is submitted on form AO 242 and is labeled as a
Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.
Pursuant to the Court's Order dated March 27, 2014, the Clerk of
the Court supplied to Petitioner a blank habeas petition form AO
241, which is a form for a petition for writ of habeas corpus
under 28 U.S.C. § 2254. (ECF No. 3).   It is therefore unclear
why the Amended Petition was submitted on the AO 242 form and
filed pursuant to § 2241.

     The United States Court of Appeals for the Third Circuit
has determined, based on canons of statutory construction, that
because § 2254 is more specific and § 2241 more general, a state
prisoner must generally seek relief via a § 2254 petition and
not via a § 2241 petition. <u>See</u> <u>Coady v. Vaughn</u>, 251 F.3d 480 (3d
Cir. 2001); <u>accord</u> BRIAN R. MEANS, FEDERAL HABEAS MANUAL § 1:34 (May
2013) ("The vast majority of courts have concluded that,
although the texts of § 2241 and § 2254 appear similar in their
grant of jurisdiction, § 2254 is the exclusive avenue for a
state prisoner challenging the constitutionality of his
detention.   Section 2254 is properly understood as in effect
implementing the general grant of habeas corpus authority found
in § 2241, even if the petitioner is not challenging the

3

underlying state court conviction (such as challenges to parole
determinations), so long as the person is in custody pursuant to
the judgment of a state court.") (original emphasis removed);
see also Felker v. Turpin, 518 U.S. 651, 662, 116 S.Ct. 2333,
135 L.Ed.2d 827 (1996) ("Our authority to grant habeas relief to
state prisoners is limited by § 2254.").

    In this case, Petitioner is in custody pursuant to a state
court conviction.  Therefore, his challenge to the execution of
his state court sentence is properly brought under § 2254 rather
than § 2241. See Washington v. Sobina, 509 F.3d 613, 618 n. 5
(3d Cir. 2007) ("We have held that a state prisoner challenging
the validity or execution of his state court sentence must rely
on the more specific provisions of § 2254 rather than § 2241.")
(citing Coady, 251 F.3d at 485); DeVaughn v. Dodrill, 145 F.
App'x 392, 394 (3d Cir. 2005) (per curiam) ("A prisoner
challenging either the validity or execution of his state court
sentence must rely on the more specific provisions of § 2254 and
may not proceed under § 2241."); Wiggins v. Wolf, Civ. No. 15-
656, 2015 WL 1115769 (D.N.J. Mar. 10, 2015).

    Accordingly, this Court lacks jurisdiction to consider the
Petition pursuant to § 2241.

    Moreover, as set forth above, Petitioner was provided with
an AO 241 form for use in habeas petitions filed pursuant to §
2254.  Petitioner was also advised of his rights pursuant to

Mason and he did not object to the Court construing his claim as one filed under § 2254.  For the foregoing reasons, his Petition will be assessed under § 2254.

B. STANDARD FOR SUA SPONTE DISMISSAL

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). Habeas Rule 2(c) requires a petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury. 28 U.S.C. § 2254 Rule 2(c).

Habeas Rule 4 requires a judge to sua sponte dismiss a petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4.  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856.

Finally, the Court notes that a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d

Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d
Cir. 1989).  Nevertheless, a federal court can dismiss a habeas
corpus petition without the filing of an answer if "it appears
on the face of the petition that petitioner is not entitled to
[habeas] relief." Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985),
cert. denied, 490 U.S. 1025 (1989); see also McFarland, 512 U.S.
at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir.
2000) (habeas petition may be dismissed where "none of the
grounds alleged in the petition would entitle [petitioner] to
[habeas] relief"); see also Mayle v. Felix, 545 U.S. 644, 655
(2005).

   C. THE EXHAUSTION REQUIREMENT

     The Supreme Court has held that a court of appeals may
raise the issue of exhaustion sua sponte on appeal. See
Granberry v. Greer, 481 U.S. 129 (1987).  "This Court and other
circuit courts have extended that holding to conclude that
district courts also have authority to raise sua sponte the
issue of exhaustion[.]" Nicoloudakis v. Bocchini, No. 13-2009,
2015 WL 4392638, at *4 (D.N.J. July 15, 2015) (citations
omitted) (collecting cases).  The exhaustion requirement is
intended to allow state courts the first opportunity to pass
upon federal constitutional claims, in furtherance of the
policies of comity and federalism. Granberry, 481 U.S. 129;
Rose, 455 U.S. at 516-18.  Exhaustion also has the practical

effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. Rose, 455 U.S. at 519.  Therefore, it is appropriate for this Court to raise, sua sponte, the question of whether the exhaustion requirement has been met. See Nicoloudakis, No. 13-2009, 2015 WL 4392638; 28 U.S.C. § 2254(b)(3).

It has long been established that a state prisoner is required to exhaust all available state remedies before filing his federal habeas petition, see 28 U.S.C. § 2254(b)(1), and he bears the burden of demonstrating proper exhaustion. See Rose, 455 U.S. at 515; see also 28 U.S.C. § 2254(b)(1) Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000).

"Under Section 2254, a writ of habeas corpus may not be granted unless the applicant has exhausted remedies available in state court or 'unless there is an absence of available corrective state process or state remedies are ineffective.'" Coady v. Vaughn, 251 F.3d 480, 488 (3d Cir. 2001) (quoting Morris v. Horn, 187 F.3d 333, 337 (3d Cir. 1999); 28 U.S.C. § 2254(b)(1)).  Section 2254(c) further provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Notably, New Jersey law provides an absolute right to appeal any action or decision of a state administrative agency to the Superior Court, Appellate Division, under: (a) the State Constitution, N.J. Const. Art. VI, Sec. 5, ¶ 4, see Trantino v. N.J. State Parole Bd., 166 N.J. 113, 172, 764 A.2d 940, modified on other grounds, 167 N.J. 619, 772 A.2d 926 (2001); and also under (b) the New Jersey Court Rules. See N.J. Ct. Rule 2:2-3(a)(2).  This procedure allows for appeals from "inaction as well as action of a State administrative agency." Trantino v. N.J. State Parole Bd., 296 N.J. Super. 437, 459-460, 687 A.2d 274 (N.J. Super. Ct. App. Div. 1997), modified on other grounds and affirmed, 154 N.J. 1, 710 A.2d 1008 (1998); see also Johnson v. State Parole Board, 131 N.J. Super. 513, 517-18, 330 A.2d 616 (N.J. Super. Ct. App. Div. 1974), cert. denied, 67 N.J. 94, 335 A.2d 47 (1975); accord Petrucelli v. Dep't of Civ. Service, 28 N.J. Super. 572, 575, 101 A.2d 363 (N.J. Super. Ct. App. Div. 1953) ("The import of the rule embraces official administrative conduct of a negative character as well, such as, for example, the refusal to consider a meritorious petition, or to conduct a hearing, or to render any decision in a controversial cause"). Moreover, the state rules enable all litigants to seek certification from the Supreme Court. See N.J. Ct. R. 2:12-3.

In this case, Petitioner challenges the New Jersey Department of Corrections' modification to, or their request to

modify, Petitioner's jail time credit computation.  Because he challenges the action or decision of the New Jersey State Department of Corrections, a state administrative agency, Petitioner has the right — and for habeas purposes, the obligation — to appeal said action or decision in state court prior to filing a federal habeas petition.

However, in his Petition, he answers "no" to the question of whether he presented each ground for relief in all appeals available to him. (Am. Pet. 7-8, ECF No. 4).  Conversely, in Ground Two, Petitioner "claims that he has exhausted all the administrative agencies dealing with the New Jersey Department of Corrections[.]" Id. at 7.  Further confusing matters, in Grounds Three and Four, Petitioner indicates that he filed a formal appeal as well as requested other forms of administrative review, but that he has either been "ignored" or "has not yet heard a response on the matter." Id. at 8.  Specifically, in Ground Four, Petitioner states that he "has been exhausting all administrative remedies available to him[.]" Id.

Given these contradictory statements, it is unclear whether Petitioner has sought administrative remedies, whether he has followed through with these requests for review and whether he has appealed any denials.  Petitioner has therefore failed to meet his burden of establishing that he has exhausted the administrative remedies available to him. See Rose, 455 U.S. at

515; Lines, 208 F.3d at 159; see also 28 U.S.C. § 2254(b)(1).
The Court notes that if Petitioner's challenges are unexhausted,
they are subject to dismissal without prejudice unless
Petitioner establishes a valid excuse from the exhaustion
requirement. See Pratola v. S. State Corr. Facility, No. 13-
7628, 2014 WL 4104636, at *3 (D.N.J. Aug. 19, 2014).

   Because it is unclear whether Petitioner has exhausted his
administrative remedies, and because Petitioner did not submit
the appropriate form for a petition filed pursuant to § 2254,
the Petition will be administratively terminated. See Pratola,
No. 13-7628, 2014 WL 4104636 (administratively terminating
petition where exhaustion was unclear); see also, Rule 2 of the
Rules Governing Section 2254 Cases, advisory committee's note
("The form is particularly helpful in getting information about
whether there has been an exhaustion of state remedies[.]").

   In the event Petitioner contends that these claims have
been properly exhausted, Petitioner may submit a request, in
writing, to reopen this case for review by a judicial officer.
As part of his request to reopen his case, he must also submit a
second amended petition, submitted on the appropriate form,
which details his exhaustion of these claims.

D.  <u>TIMELINESS</u>

The governing statute of limitations for § 2254 habeas petitions is found at 28 U.S.C. § 2244(d), which states in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."  The judgment is determined to be final by the conclusion of direct review, or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court. <u>See</u> <u>Gonzalez v. Thaler</u>, 132 S.Ct. 641, 653-54 (2012).

In this case, Petitioner states that the date of the decision or action which he is challenging by way of this Petition is November 15, 2012. (Am. Pet. 2, ECF No. 4). Petitioner states that he appealed this decision, but he does not provide any information regarding the date of filing or the date of result. Id.  The initial Petition is dated March 14, 2014, more than one year after the only relevant date provided by Petitioner.  Petitioner does not discuss statutory or equitable tolling.

Moreover, Petitioner references the decision he is challenging as a "letter request." (Am. Pet. 2, 7).  It is therefore unclear whether the requested modification to his jail time credit has already occurred, or whether some type of modification request is still pending.

Given the uncertainty regarding both the date on which the challenged judgment became final, and the finality of the judgment itself, it is unclear whether the Petition is timely filed.  As stated above, the Petition is administratively terminated for lack of clarity as to the exhaustion requirement. In the event Petitioner chooses to submit a revised Petition, on the appropriate forms, Plaintiff should consider providing more specific information regarding the dates of the action he means to challenge by way of this Petition. See 28 U.S.C. § 2244(d).

III. CONCLUSION

For the reasons set forth above, the Clerk of the Court will be directed to administratively terminate this action.[2] Petitioner may move to reopen within 60 days by submitting a second amended petition on the appropriate 2254 form, with each relevant section of the form completed, including the sections on exhaustion and timeliness.[3]

An appropriate Order follows.

_____s/ Noel L. Hillman_____
NOEL L. HILLMAN
United States District Judge

Dated: August 3, 3015
At Camden, New Jersey

---

[2] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).

[3] Because the Petition is not being denied at this time, no Certificate of Appealability is necessary.  However, to the extent one is required, it would be denied because reasonable jurists would not debate the Court's procedural ruling.  See Miller-El v. Cockrell, 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (holding that a certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right"); see also Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (holding that a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling).